**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| D'Nardo Mack, ) | |
| ) | |
| ) | |
| Plaintiff. ) | |
| ) | No. 1:17-cv-00269 |
| v. ) | |
| ) | **PLAINTIFF DEMANDS A** |
| NORTHEAST ILLINOIS REGIONAL ) | **TRIAL BY JURY** |
| COMMUTER RAILROAD ) | |
| CORPORATION, d/b/a "Metra," ) | |
| OFFICER DAVID L. ROBERTSON, ) | |
| OFFICER ERIC M. HARLSTON, ) | |
| OFFICER LARRY GEANES ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

NOW COMES the Plaintiff, D'NARDO MACK, by and through his attorneys, ROMANUCCI & BLANDIN, LLC, and for Plaintiff's Complaint at Law against Defendants; NORTHEAST ILLINOIS REGIONAL COMMUTER RAILROAD CORPORATION, d/b/a "Metra," OFFICER DAVID L. ROBERTSON; OFFICER BREWSTER; OFFICER ERIC M. HARLSTON; OFFICER LARRY GEANES pleading hypothetically and in the alternative, states as follows:

## JURY DEMAND

1. Plaintiff hereby demands a trial by jury.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over federal questions pursuant to 28 U.S.C. §1331 and over deprivations of constitutional rights pursuant 28 U.S.C. §1343, as well as supplemental jurisdiction over state law claims pursuant to 28 U.S.C. §1367.

3.  Venue is proper in this Court under 28 U.S.C. §1391(b) because all incidents, events, and occurrences giving rise to this action occurred in the Northern District of Illinois. Moreover, upon information and belief, all of the parties reside in this Judicial District.

## THE PARTIES

4.  At all relevant times, Plaintiff D'NARDO MACK (hereinafter referred to as "Mack"), was a citizen of the United States and a resident of Chicago, Cook County, Illinois.

5.  At all relevant times, Defendant NORTHEAST ILLINOIS REGIONAL COMMUTER RAILROAD CORPORATION, d/b/a "Metra," a common carrier, was an Illinois corporation duly licensed to do business in the State of Illinois.

6.  At all relevant times, Defendant NORTHEAST ILLINOIS REGIONAL COMMUTER RAILROAD CORPORATION, d/b/a "Metra," maintained a professional force of officers who were responsible for the security of Metra passengers, employees, equipment, yards, stations, and other Metra property in Chicago, Illinois and the surrounding metropolitan area, known as the "Metra Police Department."

7.  At all relevant times, Defendant OFFICER DAVID L. ROBERTSON was a citizen of the United States and a resident of 547 W. Jackson Boulevard, Chicago, Illinois 60601.

8.  At all relevant times, Defendant OFFICER ERIC M. HARLSTON was a citizen of the United States and a resident of the city of Chicago, Illinois.

9.  At all relevant times, Defendant OFFICER LARRY GEANES was a citizen of the United States and a resident of the city of Chicago, Illinois.

## FACTUAL ALLEGATIONS

10. At all relevant times, Defendant NORTHEAST REGIONAL COMMUTER RAILROAD CORPORATION, d/b/a "Metra" was a common carrier tasked with transporting passengers for hire in Chicago, Illinois and the surrounding metropolitan area.

11. At all relevant times, Defendant NORTHEAST ILLINOIS REGIONAL COMMUTER RAILROAD CORPORATION, d/b/a "Metra," maintained a professional division force of officers who were responsible for the security of Metra passengers, employees, equipment, yards, stations, and other Metra property in Chicago, Illinois and the surrounding metropolitan area, known as the "Metra Police Department."

12. At all relevant times, Defendants OFFICER DAVID L. ROBERTSON, BREWSTER, ERIC M. HARLSTON, and LARRY GEANES were employed as a police officer by Defendant NORTHEAST REGIONAL COMMUTER RAILROAD CORPORATION, d/b/a "Metra."

13. At all relevant times, Defendant OFFICER DAVID L. ROBERTSON, BREWSTER, ERIC M. HARLSTON, and LARRY GEANES were employees and/or agents acting within the scope of their employment for Defendant NORTHEAST REGIONAL COMMUTER RAILROAD CORPORATION, d/b/a "Metra."

14. At all relevant times, Defendant OFFICER DAVID L. ROBERTSON, BREWSTER, ERIC M. HARLSTON, and LARRY GEANES were acting under the color of state law as police officers with the "Metra Police Department," a division of Defendant NORTHEAST REGIONAL COMMUTER RAILROAD CORPORATION, d/b/a "Metra."

15. At all relevant times, the Defendant NORTHEAST REGIONAL COMMUTER RAILROAD CORPORATION, d/b/a "Metra" employed a number of officers to patrol the South Water Street Station at or around 121 E. South Water Street in Chicago, Illinois 60601.

16. On January 15, 2015, at approximately 9:20 a.m., Plaintiff D'NARDO MACK was sitting on a bench at the Metra station at or around the intersection of Water Street and Michigan Avenue in Chicago, Illinois 60601.

17. On January 15, 2015, at approximately 9:20 a.m., Defendant DAVID L. ROBERTSON was patrolling the area in accordance with his duties as a Metra Police Officer.

18. On January 15, 2015, at approximately 9:20 a.m., Defendant DAVID L. ROBERTSON approached Plaintiff D'NARDO MACK and demanded that Plaintiff D'NARDO MACK leave the Metra station at or around the intersection of Water Street and Michigan Avenue in Chicago, Illinois 60601 (hereinafter referred to as "the Metra station").

19. On January 15, 2015, at approximately 9:20 a.m., Plaintiff D'NARDO MACK refused to leave the Metra station.

20. On January 15, 2015, at approximately 9:20 a.m., a call went out to other Metra Police Officers to come to the scene.

21. On January 15, 2015, at approximately 9:20 a.m., Defendant OFFICERS BREWSTER, HARLSTON, and GEANES arrived at the Metra station.

22. On January 15, 2015, at approximately 9:20 a.m., Defendant OFFICER ROBERTSON deployed pepper spray onto Plaintiff D'NARDO MACK.

23. On January 15, 2015, at approximately 9:20 a.m., Defendant OFFICERS ROBERTSON and GEANES used their ASP batons to strike Plaintiff D'NARDO MACK repeatedly.

24. On January 15, 2015, at approximately 9:20 a.m., Defendant OFFICER HARLSTON tackled Plaintiff D'NARDO MACK to the ground and placed him in handcuffs.

25. On January 15, 2015, as a result of the aforementioned actions of Defendant OFFICERS, Plaintiff D'NARDO MACK requested medical attention and that he be taken to a hospital.

26. On January 15, 2015, as a result of the aforementioned actions of Defendant OFFICERS, Plaintiff D'NARDO MACK was taken to Northwestern Hospital for treatment.

**COUNT 1: VIOLATION OF 42 U.S.C. §1983-False Arrest**
**(D'Nardo Mack vs. Officer David L. Robertson)**

27. Plaintiff repeats and incorporates the allegations of 1-26 as though fully pled and stated herein.

28. At all relevant times, Defendant OFFICER ROBERTSON was acting under the color of state law and pursuant to his duties as a Metra Police Department Officer.

29. At all relevant times, Defendant OFFICER ROBERTSON was acting within the scope of his employment as a Metra Police Department Officer for Defendant NORTHEAST REGIONAL COMMUTER RAILROAD CORPORATION, d/b/a "Metra."

30. Defendant OFFICER ROBERTSON, through the actions described above, deprived D'NARDO MACK of his rights, privileges, and immunities secured by the Fourth and Fourteenth Amendments of the Constitution of the United States, including the right to be free from unreasonable and unlawful seizures of his person.

31. As a direct, proximate, and foreseeable result of the violations of Plaintiff's constitutional rights, including the rights guaranteed to Plaintiff by the Fourth and Fourteenth Amendments, and the misconduct of Defendant OFFICER ROBERTSON, as set forth above, D'NARDO MACK suffered injuries, including being falsely arrested, physical pain and suffering, mental pain and suffering, emotional distress, disability, and the loss of normal life.

32. As a result of Defendant OFFICER ROBERTSON's conduct, Plaintiff D'NARDO MACK is entitled to recover all damages allowable for violation of 42 U.S.C. §1983 including compensatory damages, all costs incurred in prosecuting this actions, and attorney's fees pursuant to 42 U.S.C. §1988.

33. Plaintiff is also seeking punitive damages against Defendant OFFICER ROBERTSON because the conduct set forth above constitutes deliberate indifference, willful conduct, and intentional conduct towards the public in general and specifically Plaintiff D'NARDO MACK and this conduct caused substantial physical and emotional injuries.

WHEREFORE, Plaintiff D'NARDO MACK demands judgment for damages against Defendant OFFICER ROBERTSON; whose constitutional violations, civil rights violation, misconduct, and acts and omissions as set forth herein caused Plaintiff's injuries; and for all damages allowed by law including compensatory damages, punitive damages, costs, and attorney's fees, and Plaintiff further demands trial by jury on all issues so triable.

## COUNT 2: VIOLATION OF 42 U.S.C. §1983-Excessive Force
### (D'Nardo Mack vs. Officer David L. Robertson)

34. Plaintiff repeats and incorporates the allegations of 1-26 as though fully pled and stated herein.

35. At all relevant times, Defendant OFFICER ROBERTSON was acting under the color of state law and pursuant to his duties as a Metra Police Department Officer.

36. At all relevant times, Defendant OFFICER ROBERTSON was acting within the scope of his employment as a Metra Police Department Officer for Defendant NORTHEAST REGIONAL COMMUTER RAILROAD CORPORATION, d/b/a "Metra."

37. The aforementioned conduct of Defendant OFFICER ROBERTSON constituted excessive force in violation of the Fourth and Fourteenth Amendment of the Constitution of the United States, including Plaintiff's right to be free from the use of unreasonable seizures of Plaintiff's person.

38. The aforementioned conduct of Defendant OFFICER ROBERTSON was objectively unreasonable.

39. The aforementioned conduct of Defendant OFFICER ROBERTSON was undertaken intentionally, willfully, with malice, and with reckless indifference to Plaintiff D'NARDO MACK's constitutional rights.

40. As a result of Defendant OFFICER ROBERTSON's unjustified and excessive use of force, Defendant OFFICER ROBERTSON, through the actions described above, deprived Plaintiff D'NARDO MACK of his rights, privileges, and immunities secured by the Fourth and Fourteenth Amendments of the Constitution of the United States, including the right to be free from unreasonable seizures and excessive force against his person.

41. As a result of Defendant OFFICER ROBERTSON's unjustified and excessive use of force, Plaintiff D'NARDO MACK suffered injuries, including physical pain and suffering mental pain and suffering, emotional distress, disability, and the loss of a normal life.

42. As a result of Defendant OFFICER ROBERTSON's unjustified and excessive use of force, Plaintiff D'NARDO MACK is entitled to recover all damages allowable for violation of 42 U.S.C. §1983 including compensatory damages, all costs incurred in prosecuting this actions, and attorney's fees pursuant to 42 U.S.C. §1988.

43. Plaintiff is also seeking punitive damages against Defendant OFFICER ROBERTSON because the conduct set forth above constitutes deliberate indifference, willful conduct, and intentional conduct towards the public in general and specifically Plaintiff D'NARDO MACK and this conduct caused substantial physical and emotional injuries.

WHEREFORE, Plaintiff D'NARDO MACK demands judgment for damages against Defendant OFFICER ROBERTSON; whose constitutional violations, civil rights violation, misconduct, and acts and omissions as set forth herein caused Plaintiff's injuries; and for all

damages allowed by law including compensatory damages, punitive damages, costs, and attorney's fees, and Plaintiff further demands trial by jury on all issues so triable.

### COUNT 3: VIOLATION OF 42 U.S.C. §1983-Excessive Force
#### (D'Nardo Mack vs. Officer Eric M. Harlston)

44. Plaintiff repeats and incorporates the allegations of 1-26 as though fully pled and stated herein.

45. At all relevant times, Defendant OFFICER HARLSTON was acting under the color of state law and pursuant to his duties as a Metra Police Department Officer.

46. At all relevant times, Defendant OFFICER HARLSTON was acting within the scope of his employment as a Metra Police Department Officer for Defendant NORTHEAST REGIONAL COMMUTER RAILROAD CORPORATION, d/b/a "Metra."

47. The aforementioned conduct of Defendant OFFICER HARLSTON constituted excessive force in violation of the Fourth and Fourteenth Amendment of the Constitution of the United States, including Plaintiff's right to be free from the use of unreasonable seizures of Plaintiff's person.

48. The aforementioned conduct of Defendant OFFICER HARLSTON was objectively unreasonable.

49. The aforementioned conduct of Defendant OFFICER HARLSTON was undertaken intentionally, willfully, with malice, and with reckless indifference to Plaintiff D'NARDO MACK's constitutional rights.

50. As a result of Defendant OFFICER HARLSTON's unjustified and excessive use of force, Defendant OFFICER HARLSTON, through the actions described above, deprived Plaintiff D'NARDO MACK of his rights, privileges, and immunities secured by the Fourth and

Fourteenth Amendments of the Constitution of the United States, including the right to be free from unreasonable seizures and excessive force against his person.

51. As a result of Defendant OFFICER HALRSTON's unjustified and excessive use of force, Plaintiff D'NARDO MACK suffered injuries, including physical pain and suffering mental pain and suffering, emotional distress, disability, and the loss of a normal life.

52. As a result of Defendant OFFICER HARLSTON's unjustified and excessive use of force, Plaintiff D'NARDO MACK is entitled to recover all damages allowable for violation of 42 U.S.C. §1983 including compensatory damages, all costs incurred in prosecuting this actions, and attorney's fees pursuant to 42 U.S.C. §1988.

53. Plaintiff is also seeking punitive damages against Defendant OFFICER HARLSTON because the conduct set forth above constitutes deliberate indifference, willful conduct, and intentional conduct towards the public in general and specifically Plaintiff D'NARDO MACK and this conduct caused substantial physical and emotional injuries.

WHEREFORE, Plaintiff D'NARDO MACK demands judgment for damages against Defendant OFFICER HARLSTON; whose constitutional violations, civil rights violation, misconduct, and acts and omissions as set forth herein caused Plaintiff's injuries; and for all damages allowed by law including compensatory damages, punitive damages, costs, and attorney's fees, and Plaintiff further demands trial by jury on all issues so triable.

### COUNT 4: VIOLATION OF 42 U.S.C. §1983-Excessive Force
### (D'Nardo Mack vs. Officer Larry Geanes)

54. Plaintiff repeats and incorporates the allegations of 1-26 as though fully pled and stated herein.

55. At all relevant times, Defendant OFFICER GEANES was acting under the color of state law and pursuant to his duties as a Metra Police Department Officer.

56. At all relevant times, Defendant OFFICER GEANES was acting within the scope of his employment as a Metra Police Department Officer for Defendant NORTHEAST REGIONAL COMMUTER RAILROAD CORPORATION, d/b/a "Metra."

57. The aforementioned conduct of Defendant OFFICER GEANES constituted excessive force in violation of the Fourth and Fourteenth Amendment of the Constitution of the United States, including Plaintiff's right to be free from the use of unreasonable seizures of Plaintiff's person.

58. The aforementioned conduct of Defendant OFFICER GEANES was objectively unreasonable.

59. The aforementioned conduct of Defendant OFFICER GEANES was undertaken intentionally, willfully, with malice, and with reckless indifference to Plaintiff D'NARDO MACK's constitutional rights.

60. As a result of Defendant OFFICER GEANES' unjustified and excessive use of force, Defendant OFFICER GEANES, through the actions described above, deprived Plaintiff D'NARDO MACK of his rights, privileges, and immunities secured by the Fourth and Fourteenth Amendments of the Constitution of the United States, including the right to be free from unreasonable seizures and excessive force against his person.

61. As a result of Defendant OFFICER GEANES' unjustified and excessive use of force, Plaintiff D'NARDO MACK suffered injuries, including physical pain and suffering mental pain and suffering, emotional distress, disability, and the loss of a normal life.

62. As a result of Defendant OFFICER GEANES' unjustified and excessive use of force, Plaintiff D'NARDO MACK is entitled to recover all damages allowable for violation of 42

U.S.C. §1983 including compensatory damages, all costs incurred in prosecuting this actions, and attorney's fees pursuant to 42 U.S.C. §1988.

63. Plaintiff is also seeking punitive damages against Defendant OFFICER GEANES because the conduct set forth above constitutes deliberate indifference, willful conduct, and intentional conduct towards the public in general and specifically Plaintiff D'NARDO MACK and this conduct caused substantial physical and emotional injuries.

WHEREFORE, Plaintiff D'NARDO MACK demands judgment for damages against Defendant OFFICER GEANES; whose constitutional violations, civil rights violation, misconduct, and acts and omissions as set forth herein caused Plaintiff's injuries; and for all damages allowed by law including compensatory damages, punitive damages, costs, and attorney's fees, and Plaintiff further demands trial by jury on all issues so triable.

## COUNT 5: ILLINOIS STATE LAW CLAIM-False Arrest and Imprisonment
### (D'Nardo Mack vs. David L. Robertson)

64. Plaintiff D'NARDO MACK hereby adopts and re-alleges paragraphs 1 through 26 as though fully set forth herein.

65. Defendant OFFICER DAVID L. ROBERTSON owed a duty to perform his police duties without making false arrests or falsely imprisoning citizens.

66. The arrest, imprisonment, and use of unreasonable force by Defendant OFFICER ROBERTSON, when not supported by probable cause the Plaintiff had committed, was committing, or was about to commit any infraction of the law or crime, constitutes false arrest and imprisonment for which Defendant Officer ROBERTSON is individually liable.

67. As a proximate cause of the false arrest and imprisonment of Plaintiff D'NARDO MACK by Defendant OFFICER ROBERTSON, Plaintiff D'NARDO MACK was deprived of his

liberty, has sustained severe and persistent injuries, endured emotional distress, suffered loss to his reputation in the community, was humiliated in public, and has incurred medical bills and other expenses. These injuries have caused and continue to cause Plaintiff D'NARDO MACK great pain and suffering, both mental and physical.

WHEREFORE, Plaintiff D'NARDO MACK respectfully requests that this Court enter judgment against Defendant OFFICER ROBERTSON awarding compensatory damages, attorney's fees, and any further relief this Court deems just.

## COUNT 6: ILLINOIS STATE LAW CLAIM-Malicious Prosecution
### (D'Nardo Mack vs. David L. Robertson)

68. Plaintiff D'NARDO MACK hereby adopts and re-alleges paragraphs 1 through 26 as though fully set forth herein.

69. Defendant OFFICER ROBERTSON initiated legal proceedings against Plaintiff D'NARDO MACK and/or caused these legal proceedings to continue against him, without just cause.

70. With malice, willfulness, and/or reckless indifference to Plaintiff D'NARDO MACK's rights, Defendant OFFICER ROBERTSON created false and/or inaccurate police reports, and/or falsely charged Plaintiff D'NARDO MACK with resisting arrest and aggravated assault.

71. In addition, Defendant OFFICER ROBERTSON gave false accounts regarding the incident/investigation to other police officers and/or prosecutors and/or fabricated evidence.

72. The legal proceedings against Plaintiff D'NARDO MACK for the resisting arrest and aggravated assault charges were promptly terminated in his favor, in a manner indicative of innocence.

73. As a direct and proximate result of Defendant's malicious prosecution, Plaintiff D'NARDO MACK was deprived of his liberty and suffered damages, including physical and emotional injuries.

74. The actions of the Defendant OFFICER ROBERTSON in maliciously prosecuting Plaintiff D'NARDO MACK was in violation of his rights under the Fourteenth Amendment of the United States Constitution to be free from malicious prosecution and his right under the Fourteenth Amendment of the United States to due process of law.

WHEREFORE, Plaintiff D'NARDO MACK respectfully requests that this Court enter judgment against Defendant OFFICER ROBERTSON awarding compensatory damages, attorney's fees, and any further relief this Court deems just.

## COUNT 7: ILLINOIS STATE LAW CLAIM-Battery
### (D'Nardo Mack vs. David L. Robertson)

75. Plaintiff D'NARDO MACK hereby adopts and re-alleges paragraphs 1 through 26 as though fully set forth herein.

76. Defendant OFFICER ROBERTSON willfully and wantonly battered Plaintiff D'NARDO MACK when Defendant OFFICER ROBERTSON aggressively grabbed, shoved, kicked, punched, and pepper sprayed him, without provocation.

77. As a result of the actions described in this Complaint, Plaintiff D'NARDO MACK suffered damages, including physical and emotional injuries.

WHEREFORE, Plaintiff D'NARDO MACK respectfully requests that this Court enter judgment against Defendant OFFICER ROBERTSON awarding compensatory damages, attorney's fees, and any further relief this Court deems just.

## COUNT 8: ILLINOIS STATE LAW CLAIM-Battery
### (D'Nardo Mack vs. Officer Eric M. Harlston)

78. Plaintiff D'NARDO MACK hereby adopts and re-alleges paragraphs 1 through 26 as though fully set forth herein.

79. Defendant OFFICER HALRSTON willfully and wantonly battered Plaintiff D'NARDO MACK when Defendant OFFICER HARLSTON aggressively tackled Plaintiff D'Nardo Mack.

80. As a result of the actions described in this Complaint, Plaintiff D'NARDO MACK suffered damages, including physical and emotional injuries.

WHEREFORE, Plaintiff D'NARDO MACK respectfully requests that this Court enter judgment against Defendant OFFICER HARLSTON awarding compensatory damages, attorney's fees, and any further relief this Court deems just.

## COUNT 9: ILLINOIS STATE LAW CLAIM-Battery
### (D'Nardo Mack vs. Officer Larry Geanes)

81. Plaintiff D'NARDO MACK hereby adopts and re-alleges paragraphs 1 through 26 as though fully set forth herein.

82. Defendant OFFICER GEANES willfully and wantonly battered Plaintiff D'NARDO MACK when Defendant OFFICER GEANES aggressively and repeatedly struck Plaintiff D'NARDO MACK with his baton.

83. As a result of the actions described in this Complaint, Plaintiff D'NARDO MACK suffered damages, including physical and emotional injuries.

WHEREFORE, Plaintiff D'NARDO MACK respectfully requests that this Court enter judgment against Defendant OFFICER GEANES awarding compensatory damages, attorney's fees, and any further relief this Court deems just.

## COUNT 10: ILLINOIS STATE LAW CLAIM-Willful and Wanton Conduct
### (D'Nardo Mack v. David L. Robertson, individually and as an agent of Northeast Regional Commuter Railroad Corporation, d/b/a "Metra)

84. Plaintiff D'NARDO MACK hereby adopts and re-alleges paragraphs 1 through 27 as though fully set forth herein.

85. On August January 15, 2015, at or around 9:20 a.m., Defendant OFFICER ROBERTSON acting as a duly authorized agent of Defendant NORTHEAST REGIONAL COMMUTER RAILROAD CORPORATION, d/b/a "Metra", undertook to interfere with and excessively restrain Plaintiff D'NARDO MACK at the aforesaid location.

86. At said time and place, Defendant OFFICER ROBERTSON restrained Plaintiff D'NARDO MACK through the use of unreasonable and dangerous physical force without provocation.

87. As a direct and proximate result of the foregoing wrongful, willful, and wanton acts, Plaintiff D'NARDO MACK suffered damages, including physical and emotional injuries.

88. On January 15, 2015, and at all relevant times, members of the Metra Police Department, including DOE OFFICER, acting as duly authorized agents of Defendant NORTHEAST REGIONAL COMMUTER RAILROAD CORPORATION, d/b/a "Metra" owed a duty to D'NARDO MACK to refrain from willful and wanton misconduct, including the use of excessive force, during the performance of their duties as police officers.

89. On January 15, 2015, in breach of said duty, Defendant OFFICER ROBERTSON was willful and wanton in one or more of the following respects:

a)     With an utter indifference and conscious disregard for safety, Defendant dangerously and improperly sprayed Plaintiff in his face with pepper spray;

b)     With an utter indifference and conscious disregard for safety, Defendant dangerously and improperly beat Plaintiff repeatedly with a baton;

c)  With an utter indifference and conscious disregard for safety, Defendant used a level of force that Defendant knew, or should have known, was excessive;

d)  With an utter indifference and conscious disregard for safety, Defendant used an unreasonable amount of force in relationship to the threat of force posed by the Plaintiff;

e)  With an utter indifference and conscious disregard for Plaintiff's safety, Defendant used excessive force in violation of the Metra Police Department's police, which expressly prohibits use of excessive force;

f)  With an utter indifference and conscious disregard for safety, Defendant failed to use less dangerous means of restraint on Plaintiff before using the pepper spray, as Plaintiff was not engaged in conduct that would justify such force;

g)  With an utter indifference and conscious disregard for safety, Defendant failed to implement and adhere to a use of force continuum consistent with that used by law enforcement agencies in Illinois;

h)  With an utter indifference and conscious disregard for safety, Defendant failed to properly instruct, train and implement a sufficient use of force policy or continuum, consistent with that used by law enforcement agencies in Illinois; and/or

i)  Was otherwise willful and wanton.

90. As a direct and proximate result of Defendant's willful and wanton acts and omissions, Plaintiff D'NARDO MACK suffered damages, including physical and emotional injuries.

WHEREFORE, Plaintiff D'NARDO MACK, respectfully requests that this Court enter judgment against Defendant OFFICER ROBERTSON and Defendant NORTHEAST REGIONAL COMMUTER RAILROAD CORPORATION, d/b/a "Metra", awarding compensatory damages, attorney's fees, and any further relief this Court deems just.

**COUNT 11: ILLINOIS STATE LAW CLAIM-Willful and Wanton Conduct**
**(D'Nardo Mack v. Officer Eric M. Harlston, individually and as an agent of**
**Northeast Regional Commuter Railroad Corporation, d/b/a "Metra)**

91. Plaintiff D'NARDO MACK hereby adopts and re-alleges paragraphs 1 through 27 as though fully set forth herein.

92. On August January 15, 2015, at or around 9:20 a.m., Defendant OFFICER HARLSTON acting as a duly authorized agent of Defendant NORTHEAST REGIONAL COMMUTER RAILROAD CORPORATION, d/b/a "Metra", undertook to interfere with and excessively restrain Plaintiff D'NARDO MACK at the aforesaid location.

93. At said time and place, Defendant OFFICER HARLSTON restrained Plaintiff D'NARDO MACK through the use of unreasonable and dangerous physical force without provocation.

94. As a direct and proximate result of the foregoing wrongful, willful, and wanton acts, Plaintiff D'NARDO MACK suffered damages, including physical and emotional injuries.

95. On January 15, 2015, and at all relevant times, members of the Metra Police Department, including OFFICER HARLSTON, acting as duly authorized agents of Defendant NORTHEAST REGIONAL COMMUTER RAILROAD CORPORATION, d/b/a "Metra" owed a duty to D'NARDO MACK to refrain from willful and wanton misconduct, including the use of excessive force, during the performance of their duties as police officers.

96. On January 15, 2015, in breach of said duty, Defendant OFFICER HARLSTON was willful and wanton in one or more of the following respects:

    a) With an utter indifference and conscious disregard for safety, Defendant dangerously and improperly sprayed Plaintiff in his face with pepper spray;

With an utter indifference and conscious disregard for safety, Defendant dangerously and improperly beat Plaintiff repeatedly with a baton;

b) With an utter indifference and conscious disregard for safety, Defendant used a level of force that Defendant knew, or should have known, was excessive;

c) With an utter indifference and conscious disregard for safety, Defendant used an unreasonable amount of force in relationship to the threat of force posed by the Plaintiff;

d) With an utter indifference and conscious disregard for Plaintiff's safety, Defendant used excessive force in violation of the Metra Police Department's police, which expressly prohibits use of excessive force;

e) With an utter indifference and conscious disregard for safety, Defendant failed to use less dangerous means of restraint on Plaintiff before tackling Plaintiff, as Plaintiff was not engaged in conduct that would justify such force;

f) With an utter indifference and conscious disregard for safety, Defendant failed to implement and adhere to a use of force continuum consistent with that used by law enforcement agencies in Illinois;

g) With an utter indifference and conscious disregard for safety, Defendant failed to properly instruct, train and implement a sufficient use of force policy or continuum, consistent with that used by law enforcement agencies in Illinois; and/or

h) Was otherwise willful and wanton.

97. As a direct and proximate result of Defendant's willful and wanton acts and omissions, Plaintiff D'NARDO MACK suffered damages, including physical and emotional injuries.

WHEREFORE, Plaintiff D'NARDO MACK, respectfully requests that this Court enter judgment against Defendant OFFICER HARLSTON and Defendant NORTHEAST REGIONAL COMMUTER RAILROAD CORPORATION, d/b/a "Metra", awarding compensatory damages, attorney's fees, and any further relief this Court deems just.

### COUNT 12: ILLINOIS STATE LAW CLAIM-Willful and Wanton Conduct
### (D'Nardo Mack v. Larry Geanes, individually and as an agent of Northeast Regional Commuter Railroad Corporation, d/b/a "Metra)

98. Plaintiff D'NARDO MACK hereby adopts and re-alleges paragraphs 1 through 27 as though fully set forth herein.

99. On August January 15, 2015, at or around 9:20 a.m., Defendant OFFICER GEANES acting as a duly authorized agent of Defendant NORTHEAST REGIONAL COMMUTER RAILROAD CORPORATION, d/b/a "Metra", undertook to interfere with and excessively restrain Plaintiff D'NARDO MACK at the aforesaid location.

100.     At said time and place, Defendant OFFICER GEANES restrained Plaintiff D'NARDO MACK through the use of unreasonable and dangerous physical force without provocation.

101.     As a direct and proximate result of the foregoing wrongful, willful, and wanton acts, Plaintiff D'NARDO MACK suffered damages, including physical and emotional injuries.

102.     On January 15, 2015, and at all relevant times, members of the Metra Police Department, including OFFICER GEANES, acting as duly authorized agents of Defendant NORTHEAST REGIONAL COMMUTER RAILROAD CORPORATION, d/b/a "Metra" owed a duty to D'NARDO MACK to refrain from willful and wanton misconduct, including the use of excessive force, during the performance of their duties as police officers.

103.     On January 15, 2015, in breach of said duty, Defendant OFFICER GEANES was willful and wanton in one or more of the following respects:

a)  With an utter indifference and conscious disregard for safety, Defendant dangerously and improperly sprayed Plaintiff in his face with pepper spray;

With an utter indifference and conscious disregard for safety, Defendant dangerously and improperly beat Plaintiff repeatedly with a baton;

b)  With an utter indifference and conscious disregard for safety, Defendant used a level of force that Defendant knew, or should have known, was excessive;

c)  With an utter indifference and conscious disregard for safety, Defendant used an unreasonable amount of force in relationship to the threat of force posed by the Plaintiff;

d)  With an utter indifference and conscious disregard for Plaintiff's safety, Defendant used excessive force in violation of the Metra Police Department's police, which expressly prohibits use of excessive force;

e)  With an utter indifference and conscious disregard for safety, Defendant failed to use less dangerous means of restraint on Plaintiff before using his baton, as Plaintiff was not engaged in conduct that would justify such force;

f)  With an utter indifference and conscious disregard for safety, Defendant failed to implement and adhere to a use of force continuum consistent with that used by law enforcement agencies in Illinois;

g)  With an utter indifference and conscious disregard for safety, Defendant failed to properly instruct, train and implement a sufficient use of force policy or

continuum, consistent with that used by law enforcement agencies in Illinois; and/or

h) Was otherwise willful and wanton.

104.    As a direct and proximate result of Defendant's willful and wanton acts and omissions, Plaintiff D'NARDO MACK suffered damages, including physical and emotional injuries.

WHEREFORE, Plaintiff D'NARDO MACK, respectfully requests that this Court enter judgment against Defendant OFFICER GEANES and Defendant NORTHEAST REGIONAL COMMUTER RAILROAD CORPORATION, d/b/a "Metra", awarding compensatory damages, attorney's fees, and any further relief this Court deems just.

## COUNT 13 – ILLINOIS STATE LAW CLAIM – Negligence
### (D'Nardo Mack v. David L. Robertson, individually and as an agent of Northeast Regional Commuter Railroad Corporation, d/b/a "Metra)

105.    Plaintiff D'NARDO MACK hereby adopts and re-alleges paragraphs 1 through 26 as though fully set forth herein.

106.    On August January 15, 2015, at or around 9:20 a.m., Defendant OFFICER ROBERTSON acting as a duly authorized agent of Defendant NORTHEAST REGIONAL COMMUTER RAILROAD CORPORATION, d/b/a "Metra", undertook to interfere with and excessively restrain Plaintiff D'NARDO MACK at the aforesaid location.

107.    At said time and place, Defendant OFFICER ROBERTSON restrained Plaintiff D'NARDO MACK through the use of unreasonable and dangerous physical force without provocation.

108.    As a direct and proximate result of the foregoing wrongful and negligent acts, Plaintiff D'NARDO MACK suffered damages, including physical and emotional injuries.

109.    On January 15, 2015, and at all relevant times, members of the Metra Police Department, including Defendant OFFICER ROBERTSON, acting as duly authorized agents of Defendant NORTHEAST REGIONAL COMMUTER RAILROAD CORPORATION, d/b/a "Metra" owed a duty to D'NARDO MACK to act as a reasonable person under the circumstances.

110.    On January 15, 2015, in breach of said duty, Defendant OFFICER GEANES was negligence in one or more of the following respects:

    a.  Failed to properly arrest Plaintiff in a safe and reasonable manner by using excessive force;

    b.  Failed to adequately assess the proper level of force to be used in effectuating the arrest of Plaintiff;

    c.  Failed to use the necessary force in effectuating the arrest of Plaintiff in violation of the Metra Police Department's police, which expressly prohibits use of excessive force;

    d.  Failed to implement and adhere to a use of force continuum consistent with that used by law enforcement agencies in Illinois;

    e.  Was otherwise negligent.

111.    As a direct and proximate result of Defendant's negligent acts and omissions, Plaintiff D'NARDO MACK suffered damages, including physical and emotional injuries.

WHEREFORE, Plaintiff D'NARDO MACK, respectfully requests that this Court enter judgment against Defendants OFFICER ROBERTSON and Defendant NORTHEAST REGIONAL COMMUTER RAILROAD CORPORATION, d/b/a "Metra", awarding compensatory damages, attorney's fees, and any further relief this Court deems just.

## COUNT 14 – ILLINOIS STATE LAW CLAIM – Negligence
**(D'Nardo Mack v. Officer Eric M. Harlston, individually and as an agent of Northeast Regional Commuter Railroad Corporation, d/b/a "Metra)**

112.　　Plaintiff D'NARDO MACK hereby adopts and re-alleges paragraphs 1 through 26 as though fully set forth herein.

113.　　On August January 15, 2015, at or around 9:20 a.m., Defendant OFFICER HARLSTON acting as a duly authorized agent of Defendant NORTHEAST REGIONAL COMMUTER RAILROAD CORPORATION, d/b/a "Metra", undertook to interfere with and excessively restrain Plaintiff D'NARDO MACK at the aforesaid location.

114.　　At said time and place, Defendant OFFICER HARLSTON restrained Plaintiff D'NARDO MACK through the use of unreasonable and dangerous physical force without provocation.

115.　　As a direct and proximate result of the foregoing wrongful and negligent acts, Plaintiff D'NARDO MACK suffered damages, including physical and emotional injuries.

116.　　On January 15, 2015, and at all relevant times, members of the Metra Police Department, including Defendant OFFICER HARLSTON, acting as duly authorized agents of Defendant NORTHEAST REGIONAL COMMUTER RAILROAD CORPORATION, d/b/a "Metra" owed a duty to D'NARDO MACK to act as a reasonable person under the circumstances.

117.　　On January 15, 2015, in breach of said duty, Defendant OFFICER HARLSTON was negligence in one or more of the following respects:

    a.　Failed to properly arrest Plaintiff in a safe and reasonable manner by using excessive force;

b.  Failed to adequately assess the proper level of force to be used in effectuating the arrest of Plaintiff;

c.  Failed to use the necessary force in effectuating the arrest of Plaintiff in violation of the Metra Police Department's police, which expressly prohibits use of excessive force;

d.  Failed to implement and adhere to a use of force continuum consistent with that used by law enforcement agencies in Illinois;

e.  Was otherwise negligent.

118.    As a direct and proximate result of Defendant's negligent acts and omissions, Plaintiff D'NARDO MACK suffered damages, including physical and emotional injuries.

WHEREFORE, Plaintiff D'NARDO MACK, respectfully requests that this Court enter judgment against Defendants OFFICER HARLSTON and Defendant NORTHEAST REGIONAL COMMUTER RAILROAD CORPORATION, d/b/a "Metra", awarding compensatory damages, attorney's fees, and any further relief this Court deems just.

## COUNT 15 – ILLINOIS STATE LAW CLAIM – Negligence
### (D'Nardo Mack v. Officer Larry Geanes, individually and as an agent of Northeast Regional Commuter Railroad Corporation, d/b/a "Metra)

119.    Plaintiff D'NARDO MACK hereby adopts and re-alleges paragraphs 1 through 26 as though fully set forth herein.

120.    On August January 15, 2015, at or around 9:20 a.m., Defendant OFFICER GEANES acting as a duly authorized agent of Defendant NORTHEAST REGIONAL COMMUTER RAILROAD CORPORATION, d/b/a "Metra", undertook to interfere with and excessively restrain Plaintiff D'NARDO MACK at the aforesaid location.

121.    At said time and place, Defendant OFFICER GEANES restrained Plaintiff D'NARDO MACK through the use of unreasonable and dangerous physical force without provocation.

122.    As a direct and proximate result of the foregoing wrongful and negligent acts, Plaintiff D'NARDO MACK suffered damages, including physical and emotional injuries.

123.    On January 15, 2015, and at all relevant times, members of the Metra Police Department, including Defendant OFFICER GEANES, acting as duly authorized agents of Defendant NORTHEAST REGIONAL COMMUTER RAILROAD CORPORATION, d/b/a "Metra" owed a duty to D'NARDO MACK to act as a reasonable person under the circumstances.

124.    On January 15, 2015, in breach of said duty, Defendant OFFICER GEANES was negligence in one or more of the following respects:

     a.  Failed to properly arrest Plaintiff in a safe and reasonable manner by using excessive force;

     b.  Failed to adequately assess the proper level of force to be used in effectuating the arrest of Plaintiff;

     c.  Failed to use the necessary force in effectuating the arrest of Plaintiff in violation of the Metra Police Department's police, which expressly prohibits use of excessive force;

     d.  Was otherwise negligent.

125.    As a direct and proximate result of Defendant's negligent acts and omissions, Plaintiff D'NARDO MACK suffered damages, including physical and emotional injuries.

WHEREFORE, Plaintiff D'NARDO MACK, respectfully requests that this Court enter judgment against Defendants OFFICER GEANES and Defendant NORTHEAST REGIONAL COMMUTER RAILROAD CORPORATION, d/b/a "Metra", awarding compensatory damages, attorney's fees, and any further relief this Court deems just.

### COUNT 16: NEGLIGENCE-Failure to Train/Supervise
### (D'Nardo Mack vs. Northeast Regional Commuter Railroad Corporation, d/b/a "Metra"

126.     Plaintiff D'NARDO MACK hereby adopts and re-alleges paragraphs 1 through 26 as though fully set forth herein.

127.     On August January 15, 2015, at or around 9:20 a.m., Defendant OFFICER ROBERTSON acting as a duly authorized agent of Defendant NORTHEAST REGIONAL COMMUTER RAILROAD CORPORATION, d/b/a "Metra", undertook to interfere with and excessively restrain Plaintiff D'NARDO MACK at the aforesaid location.

128.     At said time and place, Defendant OFFICER ROBERTSON restrained Plaintiff D'NARDO MACK through the use of unreasonable and dangerous physical force without provocation.

129.     As a direct and proximate result of the foregoing wrongful and negligent acts, Plaintiff D'NARDO MACK suffered damages, including physical and emotional injuries.

130.     On January 15, 2015, and at all relevant times, Defendant NORTHEAST REGIONAL COMMUTER RAILROAD CORPORATION, d/b/a "Metra" owed a duty to D'NARDO MACK to act reasonably in their training and supervision of their agents, namely Metra Police Officers.

131.     On January 15, 2015, in breach of said duty, Defendant OFFICER ROBERTSON was negligence in one or more of the following respects:

a.      Failed to properly instruct its agents on a sufficient use of force policy or continuum, consistent with that used by law enforcement agencies in Illinois;

b.      Failed to properly train its agents on a sufficient use of force policy or continuum, consistent with that used by law enforcement agencies in Illinois;

c.      Failed to properly implement a sufficient use of force policy or continuum, consistent with that used by law enforcement agencies in Illinois;

d.      Failed to properly supervises its employees and/or agents during the course of their employment and/or agency with Defendant; and/or

e.      Was otherwise negligent.

132.      As a direct and proximate result of Defendant's negligent acts and omissions, Plaintiff D'NARDO MACK suffered damages, including physical and emotional injuries.

WHEREFORE, Plaintiff D'NARDO MACK, respectfully requests that this Court enter judgment against Defendant NORTHEAST REGIONAL COMMUTER RAILROAD CORPORATION, d/b/a "Metra", awarding compensatory damages, attorney's fees, and any further relief this Court deems just.

Respectfully Submitted,
ROMANUCCI & BLANDIN, LLC


 /s/ Martin D. Gould
 Attorney for Plaintiff

Antonio Romanucci
Martin D. Gould
Nicolette Ward
**ROMANUCCI & BLANDIN, LLC**
321 North Clark Street, Suite 900
Chicago, Illinois 60654
(312) 458-1000
(312) 458-1004 *facsimile*

Attorney No.: 35875
mgould@rblaw.net